# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 20, 2022

Lyle W. Cayce
Clerk

No. 22-50190
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DENIS AMILCAR MUNGUIA-PORTALES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-953-1

Before HIGGINBOTHAM, GRAVES, and HO, *Circuit Judges*.

PER CURIAM:*

Denis Amilcar Munguia-Portales appeals his conviction and sentence for illegal reentry after deportation pursuant to 8 U.S.C. § 1326(a) and (b)(1). He contends that treating a prior felony or aggravated felony conviction that increases the statutory maximum sentence under § 1326(b) as a sentencing

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 22-50190

factor, rather than a separate element of the offense, is unconstitutional. He has filed an unopposed motion for summary disposition and a letter brief in which he concedes that his claim is foreclosed and asserts that he has raised the issue only to preserve it for further review.

As Munguia-Portales concedes, the sole issue that he raises on appeal is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014). Because his position is foreclosed by precedent, *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary disposition is proper.

Therefore, the motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.